UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERI LOMONOCO,

                        Plaintiff,              1:15-CV-1163
                                                (GTS/CFH)
v.

SAINT ANNE INSTITUTE,

                        Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

LUIBRAND LAW FIRM, PLLC                         KEVIN A. LUIBRAND, ESQ.
   Counsel for Plaintiff
950 New Loudon Road
Latham, NY 12110

GIRVIN & FERLAZZO, PC                           DANIEL RUBIN, ESQ.
   Counsel for Defendant                        PATRICK FITZGERALD, III, ESQ.
20 Corporate Woods Blvd.                        SCOTT P. QUESNEL, ESQ.
Albany, NY 12211-2350

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this employment discrimination action filed by Teri

Lomonoco ("Plaintiff") against Saint Anne Institute ("Defendant"), is Defendant's motion to

dismiss the Third Cause of Action in Plaintiff's Complaint for failure to state a claim upon which

relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 5.) For the reasons set forth

below, Defendant's motion is granted in part and denied in part.

# I. RELEVANT BACKGROUND

## A. Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint alleges as follows. Plaintiff is fifty-nine years old and was employed as a special education teacher by Defendant. (Dkt. No. 1, ¶ 9 [Pl.'s Compl.].) In 2014, Plaintiff was one of the longest-tenured teachers, having been employed by Defendant for thirty years. (*Id.*, ¶ 11.) Throughout much of her tenure, Plaintiff was the special education teacher to whom the hardest and most-challenging students were assigned because of her acute ability to track a path for these students to achieve success. (*Id.*, ¶ 12.) Plaintiff was also the Chairperson for the Committee on Special Education for ten years. (*Id.*)

At some point in 2013, Plaintiff began to observe a deterioration in the standards at Saint Anne Institute, including the tendency of the administration to violate state education mandates in a manner that was harmful to disabled students in need of supervision. (*Id.*, ¶ 13.) Initially, Plaintiff expressed her concerns informally to administrators. (*Id.*) After receiving no response, Plaintiff formally complained to administrators. (*Id.*) In March of 2014, Plaintiff wrote anonymous letters to both the New York State Department of Education ("DOE") as well as Defendant's Board of Directors to report violations of New York State law and Defendant's failure to comply with standards applicable to the education and housing of students with disabilities. (*Id.*, ¶¶ 14-17.) When these problems continued, Plaintiff contacted the New York State Justice Center ("Justice Center"), which is designed for reporting improprieties with respect to children or people with disabilities. (*Id.*, ¶ 18.) Plaintiff's complaints to the DOE and Justice Center were relayed to Defendant's administration, and Plaintiff began to be retaliated against while at work. (*Id.*, ¶ 19.)

Specifically, on several occasions, Defendant's administrators informed Plaintiff that they knew that she had made the reports to the DOE and Justice Center. (*Id.*, ¶ 20.) Plaintiff's classroom assignments were then terminated in a punitive manner multiple times without notice or without her participation. (*Id.*, ¶ 21.) Plaintiff was also subjected to physical intimidation by certain administrators which caused Plaintiff to be fearful for her safety. (*Id.*) Certain administrators also yelled directly in Plaintiff's face in such a manner as to cause a severe emotional reaction witnessed by other administrators and staff members. (*Id.*, ¶ 22.) In June of 2014, Plaintiff contacted the Justice Center to report these retaliatory acts, causing one of Defendant's administrators to react with "the most severe emotional outburst" towards Plaintiff. (*Id.*, ¶ 23.)

In September of 2014, on the day before school was to start, Plaintiff was informed in writing that she had been reassigned to a different position. (*Id.*, ¶ 25.) Thereafter, Plaintiff attended a meeting during the first week of the school year, in which she was informed that she was being removed from her classroom of thirty years. (*Id.*, ¶ 26.) Plaintiff was relegated to an office where she was directed to be the designated photocopier of manuals for the "CORE Education Program," a task that would typically be assigned to an entry level clerk rather than an accomplished special education teacher. (*Id.*, ¶ 27.)[1] Plaintiff then learned that her assigned students had been reassigned to two teachers, each with less than one year of experience, and each of whom lacked certain certifications possessed by Plaintiff. (*Id.*, ¶ 28.)

---

[1] The Complaint does not indicate if "CORE" is an acronym or is imply a reference to educational requirements.

Based upon the foregoing allegations, Plaintiff asserts the following three causes of action: (1) a cause of action claiming that Plaitniff was discriminated against on the basis of her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*; (2) a cause of action claiming that Plaintiff was discriminated against on the basis of her age in violation of the New York State Human Rights Law; and (3) a cause of action claiming that Plaintiff is a person subject to the mandatory reporting obligations under New York State Social Services Law § 413 due to her position as a teacher and that she was unlawfully retaliated against for fulfilling this obligation in violation of Social Services Law § 413 and New York State Labor Law § 740. (*Id.*, ¶¶ 30-44.) As stated above, Defendant's motion seeks to dismiss Plaintiff's third cause of action only.

### B. Parties' Arguments

#### 1. Defendant's Memorandum of Law

Generally, in its memorandum of law, Defendant argues that Plaintiff's Third Cause of Action should be dismissed because (1) Social Services Law § 413 does not provide for any independent right of action beyond what is already provided by Labor Law § 740, and (2) any claim under Labor Law § 740 is time-barred by the applicable one-year statute of limitations. (Dkt. No. 5, Attach. 3, at 6 [Def.'s Mem. of Law].)

More specifically, with regard to Plaintiff's claim under Social Services Law § 413, Defendant argues that Social Services Law § 413(1)(c) does not provide a private cause of action for an employee who believes he or she has suffered unlawful retaliation for reporting maltreatment or abuse of a child. (*Id.*) Rather, Defendant argues that such a claim is to be filed pursuant to Labor Law § 740, which is New York's "whistleblower" statute. (*Id.* at 7.)

With regard to Plaintiff's claim under Labor Law § 740, Defendant argues that the claim accrued on the date that the alleged retaliatory action was taken against Plaintiff, i.e., when she was removed from her classroom and reassigned to a different position. (*Id.* at 7-8.) Defendant argues that, according to the Complaint, Plaintiff's reassignment occurred "in September of 2014 . . . on the day before school was to start" and/or "during the first week of the school year." (*Id.* at 8.) In support of this argument, Defendant has submitted an affidavit from its Chief Financial Officer, who states that the first day of school of the 2014-2015 school year was September 3, 2014, and, therefore, "the day before school was to start" was September 2, 2014, and the first week of the school year was either the week of September 1 to September 5, 2014 (first partial week) or the week of September 8 to September 12, 2014 (first full week). (*Id.*) Defendant argues that, no matter which date is used, Plaintiff's Labor Law claim is untimely because the events in question accrued more than one year before she filed her Complaint on September 28, 2015. (*Id.*)

### 2.    Plaintiff's Opposition Memorandum of Law

Generally, Plaintiff asserts three arguments in opposition to Defendant's motion.

First, Plaintiff does not appear to contest Defendant's argument that Social Services Law § 413 does not create a private cause of action. Indeed, Plaintiff states that "Labor Law [§] 740 creates the private cause of action for retaliation when Defendant takes actions toward Plaintiff as a result of Plaintiff reporting improper actions toward children, under her Social Services Law [§] 413 obligations to report same," and that "Plaintiff's allegation is that Social Services Law [§] 413 is the law upon which Plaintiff based her reporting, and that she has thus pled the requirements of Labor Law [§] 740." (Dkt. No. 15, at 1 [Pl.'s Opp'n Mem. of Law].) Accordingly, the Court will treat Defendant's argument on this point as unopposed.

Second, Plaintiff argues that her claim is not time-barred for the following two reasons: (1) the Complaint alleges that other retaliatory actions occurred after September 1, 2014, such as when she was relegated to making copies of manuals for the "CORE Education Program" and her students were reassigned to other teachers; and (2) the retaliatory actions taken before the start of the school year are timely because they represent a continuing tort that tolls the statute of limitations until the last wrongful act occurred. (*Id.* at 3-5.)

Third, and finally, Plaintiff argues that, to the extent that the Court agrees with Defendant that her claim is untimely, she should be given leave to amend her Complaint. (*Id.* at 5.)

### 3. Defendant's Reply Memorandum of Law

Generally, Defendant asserts the following two arguments in reply to Plaintiffs' opposition memorandum of law.

First, Defendant argues that the allegations set forth in Paragraphs 27 and 28 of Plaintiff's Complaint do not constitute separate and distinct retaliatory acts that occurred within the statute of limitations. (Dkt. No. 18, at 6 [Def.'s Reply Mem. of Law].) Rather, Defendant argues that, at most, they represent the "continuing effects of earlier unlawful conduct." (*Id.*) More specifically, Defendant argues that Plaintiff's assignment to photocopying duties and the reassignment of her students to different teachers were the continuing effects and consequences of its decision to remove Plaintiff from her classroom, which occurred more than a year before she filed her Complaint. (*Id.*) Similarly, Defendant argues that the mere fact that the effects of retaliation are continuing does not make the retaliatory act itself a continuing one and, therefore, the continuing tort doctrine does not apply to Plaintiff's claim. (*Id.* at 7-8.)

Second, Defendant argues that Plaintiff's informal request to amend her Complaint must be denied because she has not complied with Fed. R. Civ. P. 15 and N.D.N.Y. L.R. 7.1(a)(4). (*Id.* at 8.)

## II.    RELEVANT LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision

on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atl. Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[2]

## III. ANALYSIS

After carefully considering the matter, Defendant's motion to dismiss Plaintiff's third

cause of action on the basis that it is time-barred is granted in part and denied in part for the

reasons set forth below.

"Allegations that a claim is barred by an applicable statute of limitations is an affirmative

defense normally asserted in an answer.  However, where the dates in a complaint show that an

action is barred by a statute of limitations, a defendant may raise the affirmative defense in a

---

[2]      *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . .  However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

pre-answer motion to dismiss for failure to state a claim." *Emps. Committed for Justice v. Eastman Kodak Co.*, 407 F. Supp. 2d 423, 438 (W.D.N.Y. 2005) (internal quotation marks and citations omitted); *see also Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."). "When choosing to raise the defense in a pre-answer motion, however, the defendant faces a 'higher burden.' . . . A defendant presenting an affirmative defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route." *Eastman Kodak Co.*, 407 F. Supp. 2d at 438. Pursuant to this more-stringent standard, the facts supporting the defense must appear on the face of the complaint. *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015).

Here, the Complaint alleges that, "[i]n September of 2014, and more particularly, on the day before school was to start, plaintiff was informed, first in writing, that she had been reassigned to a different position." (Dkt. No. 1, ¶ 25 [Pl.'s Compl.].) Plaintiff then attended a meeting "during the first week of the school year, where she was informed that she was being removed from her classroom of thirty (30) years." (*Id.*, ¶ 26.) As discussed above in Part I.B.1. of this Decision and Order, Defendant offers its school calendar for 2014-2015, in order to establish the precise dates on which these alleged acts occurred. Because Plaintiff surely had notice of this calendar when she drafted her Complaint, she relies heavily on "the day before school was to start" and "the first week of the school year" in her Complaint, and she does not dispute the calendar's authenticity or accuracy, the Court finds the calendar to be integral to the Complaint. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *Hilton v.*

*Bank of New York Mellon*, 15-CV-0667, 2016 WL 234851, at *8 (N.D.N.Y. Jan 18, 2016) (Suddaby, C.J.).

However, it is not clear from the Complaint that the announced removal was actually effected during the first week of school (as opposed to having been effected subsequently). Moreover, it is not clear from the Complaint if the acts alleged in Paragraphs 27 and 28 of the Complaint constitute separate and distinct retaliatory acts or continuing effects of the removal. Under the circumstances, the Court finds that these issues are more properly resolved on a motion for summary judgment.

Turning to Defendant's first argument in its memorandum of law, to the extent Plaintiff's Third Cause of Action is based on Social Services Law § 413, that portion of the cause of action is dismissed. Defendant has met its lightened burden on this unopposed argument. Even if the Court were to subject this argument to the more-rigorous scrutiny appropriate for contested motions, it would reach the same conclusion. *See Rivera v. Cty. of Westchester*, 31 Misc. 3d 985, 991 (N.Y. Sup. Ct. Westchester Cty. April 1, 2011) (stating that "in the absence of a statutory provision permitting a private right of action, . . . there is no private right of action for claims made pursuant to title 6 of article 6 of the Social Services Law") (citing *McLean v. City of New York*, 12 N.Y.3d 194, 200-01 [N.Y. 2009]); *Lara v. City of New York*, 187 Misc. 2d 882, 890-91 (N.Y. Sup. Ct. N.Y. Cty. Mar. 20, 2001) (stating that "[t]here is no evidence in the Social Services Law or otherwise that any applicable law or contract was intended to create a private right of action for money damages; rather, a logical reading of the statute as a whole indicates otherwise"); *cf. Ingrao v. Cty. of Albany, N.Y.*, 01-CV-0730, 2006 WL 2827856, at *7 (N.D.N.Y. Oct. 2, 2006) (McAvoy, J.).[3]

---

[3] The Court notes that (1) it would be futile to permit Plaintiff to amend Complaint to reflect her reliance on Social Services Law § 413 in her Third Cause of Action, and (2) in any event, Plaintiff has failed to submit a proposed Amended Complaint.

As for the remainder of Plaintiff's Third Cause of Action, that portion of the cause of action survives. The Court notes that this survival is a close question, given the Complaint's failure to identify the "state education mandates" (Dkt. No. 1, ¶ 13) whose violation Plaintiff was allegedly disclosing or attempting to disclose for purposes of N.Y. Labor Law § 740(2)(a). However, the Court finds that this issue is more properly resolved on a motion for summary judgment.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss the Third Cause of Action in Plaintiff's Complaint (Dkt. No. 5) is **GRANTED in part** and **DENIED in part** such that, to the extent that the Third Cause of Action alleges a claim under N.Y. Soc. Serv. Law § 413, that claim is dismissed.

Dated: August 18, 2016
      Syracuse, New York

                                      Hon. Glenn T. Suddaby
                                      Chief United States District Judge