UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TERI LOMONOCO,

               Plaintiff,

v.                                                                        No. 1:15-CV-1163
                                                                          (GTS/ATB)

SAINT ANNE INSTITUTE,

               Defendant.

_____

APPEARANCES:                                                              OF COUNSEL:

LUIBRAND LAW FIRM, PLLC                                                   KEVIN A. LUIBRAND, ESQ.
  Counsel for Plaintiff
950 New Loudon Road
Latham, New York 12110

FARRELL FRITZ P.C.                                                        DANIEL RUBIN, ESQ.
  Counsel for Defendant
19 Dove Street, Suite 202
Albany, New York 12210

GIRVIN & FERLAZZO, P.C.                                                   PATRICK J. FITZGERALD III, ESQ.
  Co-Counsel for Defendant                                              SCOTT P. QUESNEL, ESQ.
20 Corporate Woods Boulevard
Albany, New York 12211

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this employment civil rights action filed by Teri Lomonoco

("Plaintiff") against Saint Anne Institute ("Defendant"), is Plaintiff's motion for a stay of

execution of judgment of costs without bond pending appeal to the Second Circuit. (Dkt. No.

76.) For the reasons set forth below, Plaintiff's motion is denied.

## I.    RELEVANT BACKGROUND

Familiarity with the factual and procedural history of this action is presumed and will not

be recited in this Decision and Order, which is intended primarily for the review of the parties.

Rather, the Court will only briefly summarize the relevant procedural background leading up to

the current motion.

On May 22, 2018, the Court rendered a Decision and Order on Defendant's motion for

summary judgment in favor of Defendant dismissing Plaintiff's Complaint. (Dkt. Nos. 68, 69.)

On June 20, 2018, Plaintiff filed a notice of appeal with the Second Circuit. (Dkt. No. 71.) On

July 13, 2018, the Court taxed costs against Plaintiff in the amount of $6,661.98. (Dkt. No. 75.)

On August 31, 2018, Plaintiff filed the current motion to stay the execution of this judgment for

costs pending her appeal. (Dkt. No. 76.)

## II.    THE PARTIES' BRIEFING ON PLAINTIFF'S MOTION

### A.    Plaintiff's Affidavit

Plaintiff's attorney argues that the Court should exercise its discretion to grant a stay of

the execution of the judgment of costs entered on July 13, 2018, without bond pending the

outcome of Plaintiff's appeal to the Second Circuit from the Court's Decision and Order of May

22, 2018. (Dkt. No. 76, Attach. 1, at 1-2 [Luibrand Aff.].) In particular, Plaintiff's attorney

argues that equitable principles support a discretionary stay without bond because (a) Plaintiff

was employed by Defendant for 25 years and has been on unpaid leave since the time of her

alleged work-related mental injury, (b) the amount of the judgment substantially exceeds

Plaintiff's resources and would have a detrimental effect on both her own well-being and that of

her minor children, (c) Defendant is a solvent, private institution that has existed since 1887 and

therefore would not be harmed by a stay, and (d) any effect on Defendant as a result of a stay would be inconsequential in comparison to the harm to Plaintiff if the stay is denied. (*Id.* at 2-3.)

**B.** **Defendant's Response Letter**

In its response letter, Defendant states that it takes no position with regard to Plaintiff's motion, but notes that Plaintiff has failed to specify the nature of her limited resources and assets that would make it inequitable to execute the judgment. (Dkt. No. 77, at 1 [Def.'s Letter].) Defendant also notes that evidence establishes that Plaintiff has received awards from the New York State Worker's Compensation Board in connection with her leave of absence from employment with Defendant from September 4, 2014, through at least August 7, 2018; the amount of her award for that period was $683.08 per week, which resulted in an overall total of approximately $139,758.16 in Worker's Compensation payments. (*Id.* at 1-2.)

**C.** **Plaintiff's Reply Affidavit**

In reply, Plaintiff's attorney acknowledges that Plaintiff has received Worker's Compensation payments, but argues that she has had to live through many months where the payments were not made and she had to wait for a lump sum payment covering those unpaid months; she argues that the payments amounted to approximately $35,000 per year, which is only 60% of the income she had while working for Defendant. (Dkt. No. 80, at 2.) Plaintiff states that all of these Worker's Compensation payments were made after she went on her leave of absence and that she has no source of employment income. (*Id.*)

**III.** **LEGAL STANDARD GOVERNING A MOTION TO STAY**

Rule 62(b) of the Federal Rules of Civil Procedure states that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay

takes effect when the court approves the bond or other security and remains in effect for the time

specified in the bond or other security."[1]  "While Rule 62 outlines the mechanism for how a stay

may be obtained when an appeal is pending, it does not limit the district court's inherent power

to issue a stay in a manner that does not fall within the scope of the Rule," including a stay

without requirement for a bond.  *Hizam v. Clinton*, 11-CV-7693, 2012 WL 4220498, at *2

(S.D.N.Y. Sept. 20, 2012).  "The party requesting a stay bears the burden of showing that the

circumstances justify an exercise of [judicial] discretion."  *Nken v. Holder*, 556 U.S. 418, 433-34

(2009).  "That discretion may be triggered upon satisfaction by the movant of the following

factors, the first two of which 'are the most critical':

> '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"

*Miller v. City of Ithaca, New York*, 10-CV-0597, 2017 WL 61947, at *4-5 (N.D.N.Y. Jan. 5,

2017) (Sharpe, J.) (quoting *Nken*, 556 U.S. at 434); *accord Buttner v. RD Palmer Enters., Inc.*,

13-CV-0342, 2016 WL 3647878, at *2-3 (N.D.N.Y. July 1, 2016) (Kahn, J.) (quoting *In re*

*World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 [2d Cir. 2007]); *see also Hines v. City*

*of Albany*, 06-CV-1517, 2015 WL 58178, at *3-4 (N.D.N.Y. Jan. 15, 2015) (Suddaby, J.)

(assessing whether the defendants showed a likelihood of success on the merits and irreparable

harm when determining whether to grant a motion for stay of judgment).  The Supreme Court

has also noted that, "normally the mere payment of money is not considered irreparable . . . but

---

[1]      The Court notes that Fed. R. Civ. P. 62 underwent significant amendment in December 2018, after the parties' briefing on this motion; the majority of these changes were restructuring of the Rule, and any substantive changes do not appear to affect this motion.

that is because money can usually be recovered from the person to whom it is paid. If

expenditures cannot be recouped, the resulting loss may be irreparable." *Philip Morris USA v.*

*Scott*, 561 U.S. 1301, 1304 (2010).

"A district court . . . may, in its discretion, waive the bond requirement 'if the appellant

provides an acceptable alternative means of securing the judgment.'" *In re Nassau Cnty Strip*

*Search Cases*, 784 F.3d 414, 417 (2d Cir. 2015). The Second Circuit has adopted the following

non-exclusive list of factors to consider when determining whether to waive the bond

requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*In re Nassau Cnty Strip Search Cases*, 784 F.3d at 417-18 (quoting *Dillon v. Chicago*, 866 F.2d

902, 904-05 [7th Cir. 1988]). "'The burden lies with the moving party to demonstrate why the

Court should waive the standard requirement that the appellant post a full supersedeas bond.'"

*Hines*, 2015 WL 58178, at *2 (quoting *De la Fuente v. DCI Telecomm., Inc.*, 269 F. Supp. 2d

237, 245 [S.D.N.Y. 2003]).

## IV. ANALYSIS

After carefully considering the matter, the Court denies Plaintiff's motion for a stay of

the July 13, 2018, judgment of costs pending appeal for four reasons. First, Plaintiff has failed to

make any showing that she is likely to succeed on the merits of her appeal, much less a strong

showing as required under the relevant standard. Plaintiff does not discuss the basis of her

reasons for appeal from the Decision and Order of May 22, 2018, or provide any argument as to why she believes the Court's Decision and Order was erroneous.  Although Plaintiff is certainly not required to outline the arguments in detail that she intends to submit to the Second Circuit on appeal as part of this motion, her complete failure to even acknowledge her burden to establish that she is likely to succeed on the merits makes it impossible for the Court to determine that such likelihood exists.

Second, although declining to grant a stay would result in Plaintiff being required to pay money in connection with the judgment, she has offered no arguments or evidence as to why this would constitute irreparable harm.  For the sake of brevity, the Court will not linger on the issue of whether Plaintiff's counsel possesses (or has demonstrated) sufficient personal knowledge of Plaintiff's financial condition.  More important is the conspicuous omission of any detail about Plaintiff's bank accounts, assets, and monthly expenses.  Moreover, Plaintiff's attorney acknowledges in his affidavit that Defendant is a solvent entity that has been in existence since 1887, a fact which does not suggest that Plaintiff would be in danger of being unable to recoup her money from Defendant in the event she is successful on her appeal.  *Philip Morris USA*, 561 U.S. at 1304.  Apart from the direct financial harm that Plaintiff alleges, her reference to the potential harm to the well-being of herself and her minor children if the judgment is not stayed is simply too vague and speculative to constitute irreparable harm.

Third, rather than discussing the above two factors (which the Second Circuit has deemed to be the "most critical"), Plaintiff's attorney focuses almost solely on the third factor of whether Defendant would be injured if a stay were granted, arguing that the harm to Defendant would be minimal or non-existent compared to the harm Plaintiff would suffer.  However, the fact that

Defendant will not be harmed in any significant way by the grant of a stay is not itself sufficient reason for this Court to exercise its discretion.

The Court is sympathetic to Plaintiff's financial worries. However, Plaintiff is required to "demonstrate good reason for the Court to exercise its discretion to delay an award of costs pending an appeal." *Williams v. Arctic Cat*, 11-CV-0445, 2014 WL 4105286, at \*3 (N.D.N.Y. Aug. 20, 2014) (McAvoy, J.). Plaintiff's assertions that she has had no employment income since September 2014 does not by itself demonstrate a good reason to issue a stay given her acknowledgment that she has been receiving the equivalent of $683.08 per week in Worker's Compensation payments since September 4, 2014; nor does she assert that she has since stopped receiving these payments after August 7, 2018, despite filing her reply affidavit in October 2018. The fact that the payments are non-employment income or that the amount of those payments is below what Plaintiff would make if she were still working does not diminish the fact that she indeed has a source of income.

Fourth, and finally, Plaintiff has not made a sufficient showing as to why she should not be required to even post a bond.

For all of the above reasons, Plaintiff has not satisfied her burden to show that the Court should exercise its discretion to grant a stay of the judgment of costs.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for a stay of the execution of judgment pending appeal (Dkt. No. 76) is **<u>DENIED</u>**; and it is further

**ORDERED** that Plaintiff application for waiver of a bond (Dkt. No. 76) is **DENIED** as

moot, and, in the alternative, as unsupported by a showing of cause.

Dated: February 28, 2019
       Syracuse, New York

                               Hon. Glenn T. Suddaby
                               Chief U.S. District Judge